IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JASON JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-0416-CV-W-HFS |
| ) | |
| KFC CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the court is the motion of defendant, KFC Corporation, for a stay of the proceedings in this action. Defendant seeks a stay pending a decision by the Judicial Panel for Multidistrict Litigation "MDL" on it's motion to transfer this action, pursuant to 28 U.S.C. § 1407. Plaintiff opposes a stay as an unnecessary delay of the proceedings.

In September 2005, a group of Assistant Unit Managers "AUMs" employed by KFC commenced a collective action in the United States District Court for the District of Minnesota, alleging that KFC violated the Fair Labor Standards Act "FLSA", 29 U.S.C. § 201 et seq., by failing to pay overtime to the AUMs at its restaurants. Approximately 993 AUMs opted to assert claims for overtime. The case was titled *Parler v. KFC Corp.*, *Civ. No. 05-2198-PJS-JJG, D.Minn.*, conditionally certified as a class action.

In October 2006, the *Parler* plaintiffs moved for decertification of their action due to the variance in their respective duties from restaurant to restaurant. The motion was granted and all plaintiffs were dismissed, with the exception of Christopher Parler. The decertified class splintered

into cases by state resulting in 28 actions in 27 states[1]; however, two actions remained pending in the United States District Court for the District of Minnesota, the *Parler* action, and *Ackerman, et al. v. KFC*, No. 07-cv-02656-PJS-JJG, D.Minn, a related action transferred to the *Parler* court. Based on plaintiffs' prior assertions made in support of decertification, defendant filed a motion before the Minnesota court to estop plaintiffs from proceeding in the future, either collectively, or on behalf of a class.[2] Defendant states that both the motion to preclude class certification, as well as the motion to preclude arbitration are pending before the Minnesota court.

On August 21, 2007, defendant filed a motion before the MDL Panel seeking transfer of the 27 newly-filed cases to the United States District Court for the District of Minnesota, to be assigned to Judge Schlitz who was presiding over the *Parler* and *Ackerman* cases. (Defendant's Supporting Suggestions: Exh. G). In support of its motion, defendant recited the above-noted factual background and argued that due to substantively identical allegations centralization for coordinated proceedings is appropriate. (Id.; pg. 10).

Defendant states that a stay would save the parties the hardship of litigating the identical estoppel issue as well as other identical legal issues in multiple jurisdictions. In further support of a stay, defendant contends that all of the actions have been filed by the same national counsel, and in each action the plaintiffs allege the same FLSA violations, as well as state law claims in 11 actions. Defendant further states that identical discovery requests have been served in 17 of the

---

[1] According to defendant, over 500 former *Parler* plaintiffs filed new cases, and 324 former *Parler* plaintiffs filed individual requests for arbitration.

[2] Defendant also filed a motion requesting that the 324 plaintiffs who sought arbitration be enjoined from proceeding in arbitration because they waived their right to arbitration after litigating their claims in district court for nearly two years.

2

Case 4:07-cv-00416-HFS   Document 23   Filed 11/07/07   Page 2 of 5

actions, to which they are responding to in due course; yet, no discovery has taken place in any of the newly filed actions. Plaintiff takes issue with any additional delay in this case which has been pending for two years. Plaintiff also claims that approximately 40 depositions have been taken to-date, and that defendant has provided responses to most of his discovery requests.

A district court has the inherent power to stay its proceedings. Toppins v. 3M Company, 2006 WL 12993 *1 (E.D.Mo. Jan. 3, 2006); see also, Buie v. Blue Cross and Blue Shield of Kansas City, Inc., 2005 WL 2218461 *1 (W.D.Mo. Sept. 13, 2005). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Toppins, at *1; quoting, Landis v. North American Co., 299 U.S. 248, 254 (1936). This power requires a court to exercise its "judgment, which must weigh competing interests and maintain an even balance." Id. A court need not automatically stay a case merely because a party has moved the MDL for transfer and consolidation. Id.; citing, Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D.Cal. 1997). In considering a motion for stay, a court should consider the interest of judicial economy and efficiency, and the potential prejudice or hardship to the parties. Rivers, at 1360. Where an MDL transfer is pending, three factors should be balanced to determine whether a stay meets this standard: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. Id.

Plaintiff opposes the stay as a stalling tactic, and contends that it will create an unnecessary delay to this case which has already been pending for two years. It is noted, however, that at least one year of the delay can be attributed to the initially erroneous classification of the *Parler* case as

3

a class action. Plaintiff also complains that defendant attempts to have its cake and eat it too, by arguing on the one hand that plaintiffs should be precluded from seeking class certification in some instances, and, yet, seeking centralization for pretrial proceedings on the other hand.[3] Defendant counters that while it opposes the certification of plaintiffs as a class because it believes they are not similarly situated, it contends that there are common questions of law best resolved through consolidated pretrial proceedings. As such, defendant correctly notes that transfer of all actions to a single judge is appropriate where there is the potential of inconsistent class determinations. In re Equity Funding Corp. of America Securities Litigation, 375 F.Supp. 1378, 1386 ( Jud.Pan.Mult.Lit. Apr. 25, 1974) (transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility for conflicting, inconsistent class determinations by courts of coordinate jurisdiction exists).

     Finally, plaintiff points to three courts that have denied defendant's motion for a stay, and notes that the courts which granted defendant's motion did so without awaiting plaintiff's response. (Plaintiff's Opposing Suggestions: pg. 5). Closer review of these decisions actually reveal that only one court denied the motion for a stay, one court simply issued a scheduling order, while the third court denied the motion without prejudice. (Id: Exhs. A thru C). Nevertheless, defendant notes that courts in four jurisdictions have granted stays pending the MDL's decision on transfer, while courts in three other jurisdictions have cancelled scheduling conferences pending resolution of the transfer motion. (Defendant's Reply: pg. 5-6; Exhs. B thru H).

---

[3]Plaintiff's argument stems from a motion filed by defendant in the *Ackerman* case in which defendant sought to estop plaintiffs from proceeding collectively or by class.

After considering the contentions presented by the parties, defendant's argument is more persuasive. The interests of judicial economy weigh in favor of entering a stay in order to avoid duplicative proceedings, and if a stay is not entered, defendant will be forced to simultaneously litigate the same issues presently pending before the Minnesota court. Buie, at *1. The potential prejudice to plaintiff is minimal. Id.

Accordingly, it is hereby

ORDERED that defendant's motion for a stay (ECF doc. 16) is GRANTED. This case shall be stayed in its entirety pending a decision by the Judicial Panel on Multidistrict Litigation regarding transfer of this case to the MDL proceeding that has been established in the United States District Court for the District of Minnesota.

     /s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

November 7, 2007

Kansas City, Missouri